# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

March 23, 2018

William Brown, Esq.
Tel : (718) 353-8522
Fax: (718) 353-6288
Email: wbrown@hanglaw.com

**VIA ECF**
The Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

    Re: Moscoso v. S. Donadic, Inc. et al
       Case No. :17-cv-7479(JB)

Dear Hon. Frederic Block:

  Plaintiff Angel Moscoso ("Plaintiff," "Plaintiff Moscoso," or "Mr. Moscoso") and Defendants S. Donadic, Inc., Steve Donadic, and Johnny Donadic (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

  **Settlement Amount**

  Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wages, overtime wages, failure to give a wage notice at time of hire, and failure to provide paystubs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

  Plaintiff Moscoso alleged that he was formerly employed as a carpenter for S. Donadic, Inc., a construction management firm owned by Defendants and located at 45-25 39th Street, Long Island City, NY 11104. Defendants hired Plaintiff from March of 2001 until February of 2017. Plaintiff alleges that he worked an average of 54.50 hours per week and was paid at an hourly rate of $16. Additionally, Plaintiff further alleges that he was paid for 48.50 hours but did not receive any pay for 6 hours.

If Plaintiff was to prevail on all of his FLSA claims, his unpaid wages and overtime premiums, exclusive of liquidated damages, would total approximately $38,797.92. Plaintiff is confident that he can prove his allegations through witness testimony and documentary evidence. Defendants, however, alleged that Plaintiff's work hours claimed are inaccurate and produced time and pay records which are incongruous with Plaintiff's claims.

Nevertheless, the parties agreed on the settlement amount of $25,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $25,000.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $8,733.33 with settlement payments to Plaintiff Moscoso of $16,266.67. The attorney's fees and costs are allocated as follows: $8,133.33 for fees, and $600.00 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay unpaid minimum wages, overtime wages, failure to reimburse for expenses relating to tools of the trade, failure to give a wage notice at time of hire, and failure to provide paystubs. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

**Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff the firm will be reimbursed $600.00 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $24,400.00 as attorneys' fees, which is $8,133.33 as set forth in Paragraph 1(a) of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus

on employment law, Jian Hang typically charges an hourly rate of $400. William Brown, senior associate, has more than five years of employment law experience and likewise has represented hundreds of Plaintiffs in FLSA cases in Federal Courts, his hourly rate is $350 per hour. Hang & Associates spent a considerable amount of time on this matter, and had it been billing hourly, it would have incurred fees which approximate the amount it is receiving in this settlement agreement.

Counsel for all parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*/s/ William Brown*
William Brown, Esq.