# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

March 23, 2018

William Brown, Esq.
Tel : (718) 353-8522
Fax: (718) 353-6288
Email: wbrown@hanglaw.com

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 30 2018 ★
BROOKLYN OFFICE

**VIA ECF**
The Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

      Re:   Moscoso v. S. Donadic, Inc. et al
             Case No. :17-cv-7479(JB)

Dear Hon. Frederic Block:

     Plaintiff Angel Moscoso ("Plaintiff," "Plaintiff Moscoso," or "Mr. Moscoso") and Defendants S. Donadic, Inc., Steve Donadic, and Johnny Donadic (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

### Settlement Amount

     Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wages, overtime wages, failure to give a wage notice at time of hire, and failure to provide paystubs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

     Plaintiff Moscoso alleged that he was formerly employed as a carpenter for S. Donadic, Inc., a construction management firm owned by Defendants and located at 45-25 39th Street, Long Island City, NY 11104. Defendants hired Plaintiff from March of 2001 until February of 2017. Plaintiff alleges that he worked an average of 54.50 hours per week and was paid at an hourly rate of $16. Additionally, Plaintiff further alleges that he was paid for 48.50 hours but did not receive any pay for 6 hours.

1

If Plaintiff was to prevail on all of his FLSA claims, his unpaid wages and overtime premiums, exclusive of liquidated damages, would total approximately $38,797.92. Plaintiff is confident that he can prove his allegations through witness testimony and documentary evidence. Defendants, however, alleged that Plaintiff's work hours claimed are inaccurate and produced time and pay records which are incongruous with Plaintiff's claims.

Nevertheless, the parties agreed on the settlement amount of $25,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $25,000.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $8,733.33 with settlement payments to Plaintiff Moscoso of $16,266.67. The attorney's fees and costs are allocated as follows: $8,133.33 for fees, and $600.00 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay unpaid minimum wages, overtime wages, failure to reimburse for expenses relating to tools of the trade, failure to give a wage notice at time of hire, and failure to provide paystubs. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

### Attorney's Fees

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff the firm will be reimbursed $600.00 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $24,400.00 as attorneys' fees, which is $8,133.33 as set forth in Paragraph 1(a) of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks,* wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC,* 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus

on employment law, Jian Hang typically charges an hourly rate of $400. William Brown, senior associate, has more than five years of employment law experience and likewise has represented hundreds of Plaintiffs in FLSA cases in Federal Courts, his hourly rate is $350 per hour. Hang & Associates spent a considerable amount of time on this matter, and had it been billing hourly, it would have incurred fees which approximate the amount it is receiving in this settlement agreement.

Counsel for all parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*/s/ William Brown*
William Brown, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANGEL MOSCOSO, Individually and On Behalf of All Other Collective Persons Similarly Situated,

                                Plaintiffs,

– against –

S. DONADIC, INC., STEVE DONADIC, and JOHNNY DONADIC,

                                Defendants.

Case No.: 17-CV-07479 (FB)(VMS)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between ANGEL MOSCOSO ("Plaintiff") and S. DONADIC, INC., STEVE DONADIC, and JOHNNY DONADIC (collectively "Defendants") ("Plaintiff" and "Defendants" are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of _____MARCH 1_____, 2018.

### RECITALS

A. WHEREAS, on or about December 22, 2017, Plaintiff filed an action (the "Action") against Defendants alleging, *inter alia*, that Defendants failed to pay him certain wages due in connection with the services that he performed on their behalf. The aforementioned Action is currently pending in the United States District Court, Eastern District of New York, Case No. 17-CV-07479 (FB)(VMS);

B. WHEREAS, no court has considered or determined the merits of Plaintiff's claims;

C. WHEREAS, Defendants admit no wrongdoing. Nor any liability with respect to, Plaintiff's allegations;

D. NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENTS

1. Consideration:

The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which his hereby acknowledged. Plaintiff agrees that he will not seek any further consideration from, or assert any additional or further

1

claims against Defendants, including monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement, for the claims alleged in the above-referenced litigation.

2. <u>Settlement Compensation</u>:

Defendants agree to pay Plaintiff TWENTY-FIVE THOUSAND DOLLARS AND NO CENTS ($25,000.00) (the "Settlement Payment, inclusive of attorneys' fees, is in full settlement of Plaintiff's claims against Defendants) in one (1) payment (the "Settlement Payment"). The Settlement Payment will be paid within fourteen (14) business days after Judicial Approval of the Settlement Agreement.

Payment shall be made in two separate checks. One check made payable to Angel Moscoso in the amount of $16,266.67. One check made payable to Hang & Associates, PLLC in the amount of $8,733.33. The checks shall delivered to Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354.

3. <u>Tax Documentation</u>:

Plaintiff's counsel shall provide a copy of all necessary information needed for tax purposes.

4. <u>Release</u>:

For, and in consideration of, the payments provided for in Paragraph 2 above, subject to the terms and provisions of this Settlement Agreement, and subject to the payment to Plaintiff and Plaintiff's counsel of all amounts set forth in Paragraph 2 above, Plaintiff fully, finally, irrevocably, and forever releases and discharges Defendants from any Federal and New York State wage and hour claims.

5. <u>Voluntary Dismissal with Prejudice</u>:

Within five (5) business days after receipt of the Settlement Payment delineated in Paragraph 2 of this Settlement Agreement, Plaintiff will file a Stipulation of Dismissal with Prejudice in the Action, attached hereto as Exhibit A.

6. <u>Jurisdiction</u>:

The Settling Parties consent that the Federal District Court where the Action was originally filed will retain jurisdiction over nay question or dispute arising out of or pursuant to this Settlement Agreement.

7. <u>Headings</u>:

The Settling Parties understand and agree that the heading in this Settlement Agreement are for their convenience only, and have no legal significance.

8. Attorneys' Fees:

The Settling Parties agree that, in any court action permitted by this Settlement Agreement, including enforcement proceedings and entry of the Confessions, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

9. Entire Agreement:

This Settlement Agreement contains all the understandings and representations between the Settling Parties relating to the subject matter herein, and supersedes all prior and contemporaneous understanding, discussion, agreements, representations, and warranties, both written and oral, with respect to such subject matter. The Settling Parties mutually agree that this Settlement Agreement can be specifically enforced in court and can be cited as evidence in legal proceedings alleging a breach of this Settlement Agreement.

10. Counterparts:

The Settling Parties may execute this Settlement Agreement in counterparts and facsimiles shall be deemed an original, and all of which taken together, shall constitute one and the same instrument.

THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS SETTLEMENT AGREEMENT. THE SETTLING PARTIES FURTHER ACKNOWLEDGE AND AGREE THEY HAVE CONSULTED WITH, AND ARE ACTING ON ADVICE OF AN ATTORNEY, BY SIGNING THIS SETTLEMENT AGREEMENT.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**PLAINTIFF ANGEL MOSCOSO:**

Dated: 3/1/, 2018

_____
ANGEL MOSCOSO

On the 1st day of March, 2018, before me, the undersigned notary, ANGEL MOSCOSO personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this SETTLEMENT AGREEMENT AND RELEASE intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

_____

Signature and Office of individual
taking acknowledgment

3

WILLIAM M BROWN
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02BR6336855
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES 02-08-2020

DEFENDANT:                                       S. DONADIC, INC.

Dated: March 2, 2018                             By: _____
                                                 Title: _____ PRINCIPAL


DEFENDANT STEVE DONADIC:

Dated: 3/2, 2018                                 _____
                                                 **STEVE DONADIC**


On the 2nd day of March, 2018, before me, the undersigned notary, STEVE DONADIC personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this SETTLEMENT AGREEMENT AND RELEASE intending to settle, release and waive any claims of Plaintiff, as defined in the Agreement.

_____                        BARBARA ZYCH
Signature and Office of individual               Notary Public-State of New York
taking acknowledgment                            No. 01ZY6205445
                                                 Qualified in Queens County
                                                 Commission Expires May 11, 2021


DEFENDANT JOHNNY DONADIC:

Dated: March 2, 2018                             _____
                                                 JOHNNY DONADIC


On the 2nd day of March, 2018, before me, the undersigned notary, JOHNNY DONADIC personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this SETTLEMENT AGREEMENT AND RELEASE intending to settle, release and waive any claims of Plaintiff, as defined in the Agreement.

_____                        BARBARA ZYCH
Signature and Office of individual               Notary Public-State of New York
taking acknowledgment                            No. 01ZY6205445
                                                 Qualified in Queens County
                                                 Commission Expires May 11, 2021

4

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANGEL MOSCOSO, Individually and On Behalf of All Other Collective Persons Similarly Situated,

                              Plaintiffs,

– against –

S. DONADIC, INC., STEVE DONADIC, and JOHNNY DONADIC,

                              Defendants.

Case No.: 17-CV-07479 (FB)(VMS)

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and among ANGEL MOSCOSO ("Plaintiff") and S. DONADIC, INC., STEVE DONADIC, and JOHNNY DONADIC (collectively "Defendants"), by and through their respective undersigned counsel, that the above-captioned action be dismissed in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements by the Court to any party.

HANG & ASSOCIATES, PLLC
*ATTORNEYS FOR PLAINTIFF*
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
(718) 353-8588

By: _____
William Brown, Esq.

Dated: 3/23/18

ZABELL & ASSOCIATES, P.C.
*ATTORNEYS FOR DEFENDANTS*
1 Corporate Drive, Suite 103
Bohemia, New York 11716
(631) 589-____

By: _____
Christopher K. Collotta, Esq.

Dated: 3/23/18

SO ORDERED on this 29 day of MARCH, 2018.

      /s/ Frederic Block
      _____
      U.S.D.J.